IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

PRE-PAID LEGAL SERVICES, INC.,   )
                                 )
        Plaintiff,               )
                                 )
v.                               ) No. CIV-11-357-FHS
                                 )
PERCY DARIN KIDD,                )
                                 )
        Defendant.               )

**OPINION AND ORDER**

On October 10, 2011, Plaintiff, Pre-Paid Legal Services, Inc. ("Pre-Paid") initiated this action in the District Court of Pontotoc County, Oklahoma, alleging multiple theories of recovery, including misappropriation of trade secrets, against Defendant, Percy Darin Kidd ("Kidd"), a former Pre-Paid associate. On that same date, State District Judge Thomas Landrith entered a temporary restraining order ("TRO") enjoining and restraining Kidd from "1) contacting any person or organization he knows or suspects to be a Pre-Paid associate and, directly or indirectly, soliciting or encouraging the associate to join [Kidd] in a new company or organization, or to leave Pre-Paid for the eventual purpose of joining another company, 2) disparaging Pre-Paid in an attempt to solicit Pre-Paid associates, and 3) using trade secret information of Pre-Paid for any other purpose." The TRO was to remain in effect until October 21, 2011, at which time a hearing on Pre-Paid's request for a preliminary injunction was to take place.

On October 11, 2011, Kidd removed the Pontotoc County action to the United States District Court for the Eastern District of Oklahoma. On October 14, 2011, Kidd filed a Motion to Stay Pending Arbitration (Dkt. No. 4) asking this Court to enforce the

1

arbitration provisions contained within the parties' agreements and stay this action while the parties arbitrate their disputes.  On October 19, 2011, this Court granting Pre-Paid's request to extend the TRO until such time as this Court rules on Kidd's request to stay this action pending arbitration.  The matter has been fully briefed and is ripe for ruling.

Pre-Paid does not contest Kidd's assertion that the claims Pre-Paid has asserted against Kidd in this lawsuit are subject to arbitration pursuant to the parties' agreements or that such agreements include emergency measures of protection.  Two agreements between Pre-Paid and Kidd contain arbitration provisions.  First, the Associate Agreement with Policies and Procedures entered into by Kidd on October 2, 1998, provides:

> All disputes and claims relating to PPLSI, the Associate Agreement, these Policies and Procedures and any other PPLSI policies, products and services, the rights and obligations of an Associate and PPLSI, or any other claims or causes of action between the Associate or PPLSI, or any of its officers, directors, employees or affiliates, whether in tort or contract, shall be settled totally and finally by arbitration in Oklahoma City, Oklahoma, in accordance with the Commercial Arbitration Rules of the American Arbitration Association, **including the optional rules for emergency measures of protection**.

Pre-Paid Associates' Policies and Procedures, ¶ 23 (emphasis added).  Second, the Regional Vice President Agreement ("RVP") executed by Kidd on April 24, 2008, provides:

> All disputes and claims relating to Company, RVP, this Agreement, or any associate agreement, or any Company policies, procedures, products or services, or any other claims or causes of action between RVP and Company or any of Company's officers, directors, employees or affiliates, whether in tort or in contract, shall be settled totally and finally by arbitration in Oklahoma

> City, Oklahoma in accordance with the Commercial Arbitration Rules of the American Arbitration Association ["AAA"], **including the optional rules for emergency measures of protection**.

RVP Agreement, ¶ 10.[1]  Recognizing the applicability of these provisions, Pre-Paid does not contest the right to arbitrate in this matter.  Consequently, based on the clear language of these provisions, this Court finds Pre-Paid's claims are subject to arbitration.  Kidd's Motion to Stay Pending Arbitration (Dkt. No. 4) is therefore granted.

The central dispute remaining between the parties is the forum for resolution of the preliminary injunctive relief sought by Pre-Paid.  Pre-Paid asks this Court to go forward with its request for preliminary relief and Kidd contends such issues should be resolved in arbitration.  In a parallel case, *Pre-Paid Legal Services, Inc. v. Mark O. Smith, et al.,* Case No. CIV-11-333-FHS, filed in the United States District Court for the Eastern District of Oklahoma, this Court ordered a stay of the proceedings pending arbitration and it declined to retain jurisdiction to address Pre-Paid's pending motion for preliminary injunction.[2]  In doing so, this

---

[1] Copies of the Associate Agreement with Policies and Procedures and the RVP Agreement are attached to Pre-Paid's Motion for Preliminary Injunction (Dkt. No. 19).

[2] As a matter of procedure, this Court directed the defendants to initiate the arbitration proceedings in *Smith*.  The "procedure" this Court was referring to was the fact that the defendants in *Smith* moved this Court to stay the proceedings, not Pre-Paid.  This Court further stated that **Pre-Paid had noted** it had waived the arbitration clauses by initially filing the action in state court.  The defendants in *Smith* and Kidd are represented by the same counsel.  Contrary to defense counsel's assertions in the *Smith* arbitration and herein, this Court's direction for the *Smith* defendants to initiate arbitration was not a **judicial determination** that Pre-Paid had waived arbitration and, more

Court found that retaining jurisdiction was not an efficient utilization of client and judicial resources as the issue of preliminary/emergency relief can be decided in the context of the arbitration proceedings. This Court did, however, extend the existing TRO in order to preserve the status quo in *Smith* until the issue of emergency relief could be addressed by an arbitrator under the optional rules for emergency measures of protection.

In the instant litigation, the parties have informed this Court of the events that have transpired in *Smith* since the arbitration proceedings were initiated. In sum, the parties have exchanged numerous verbal barbs in assigning nefarious motives with respect to how each side has conducted themselves since arbitration was ordered. This Court is not inclined to resolve this finger-pointing gamesmanship, nor is it necessary to do so. Instead, this Court directs that the parties submit their disputes to arbitration. Either side may initiate the arbitration. This Court strongly urges the parties to meet and confer to determine the most expeditious and economic route for presenting all claims by the parties to an arbitrator, including a request for emergency measures. This is a simple matter, easily capable of being resolved by attorneys seeking to advance the best interests of their clients for a swift resolution of their disputes.

Under Tenth Circuit precedent, this Court clearly has the authority to issue injunctive relief preserving the status quo

---

importantly, it is not a finding that once ordered to arbitration by this Court, Pre-Paid is not entitled to assert any of its rights under the terms of the arbitration clauses and the Rules of the AAA. Pre-Paid can most certainly exercise all its arbitration rights in *Smith* now that it has been ordered by this Court to arbitrate. Representations otherwise are not well received by this Court.

4

pending the initiation of arbitration.  <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Dutton</u>, 844 F.2d 726, 727-28 (10th Cir. 1988); <u>see</u> <u>also</u> <u>Mount Holly Partners, LLC v. AMDS Holdings, LLC</u>, 2009 WL 1507148, *2 (D.Utah).  The most appropriate avenue for the extended injunctive relief sought herein by Pre-Paid would appear to be a further extension of the TRO set to expire on this Court's ruling on the motion to stay pending arbitration.  Such an extension would preserve the status quo while the emergency measures of protection subsumed within the TRO are addressed in the arbitration setting.

Rule 65 of the Federal Rules of Civil Procedure authorizes extensions of TROs under certain conditions.  Rule 65 provides:

> [t]he order expires at the time after entry - not to exceed 14 days - that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension.

Fed.R.Civ.P. 65(b)(2).  An extension of a TRO can therefore be justified upon a showing of good cause.  <u>Merrill Lynch, Pierce, Fenner & Smith v. Patinkin</u>, 1991 WL 83163, *3-4 (N.D.Ill)(two-month extension of TRO in the context of arbitration proceedings warranted upon a showing of good cause).  The Optional Rules For Emergency Measures Of Protection adopted by the parties as part of their agreement to arbitrate provide for the appointment of an emergency arbitrator to rule on emergency applications within one business day of the receipt of notice to the AAA regarding a request for emergency measures.  Rule O-2.  These rules further provide that "as soon as possible, but in any event within two business days of appointment," the emergency arbitrator is required to establish a schedule for considering the request for emergency measures.  Rule O-3.  Thus, these Rules contemplate a swift

resolution of a request for emergency measures, i.e. a determination on the injunctive relief entered herein maintaining the status quo pending arbitration of the underlying claims. While hopeful for a quick resolution, this Court is not overly optimistic, particularly in light of the fact that some limited discovery will most likely be necessary to present the emergency measures request before an emergency arbitrator. Consequently, this Court finds good cause exists for an extension of the TRO in order to allow the parties to properly present, and the emergency arbitrator to properly consider, a request for emergency measures.

Based on the foregoing reasons, Kidd's Motion to Stay Pending Arbitration (Dkt. No. 4) is granted. It is further ordered that the TRO currently set to expire on this date be extended until January 3, 2012, **or** until an emergency arbitrator hears and determines an application for emergency measures related to preserving the status quo as set forth under the TRO, **whichever date first occurs**.

It is so ordered this 26th day of October, 2011.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma